UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY P. STEVENS | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 3:09CV498 (PCD) |
| | : | |
| LANDMARK PARTNERS, INC. | | |
| | : | |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Gary P. Stevens brings this complaint pursuant to Connecticut Common Law for breach of contract, unjust enrichment, and negligent representation against Defendant Landmark Partners, Inc. ("Landmark"). On December 15, 2008, Plaintiff filed an amended complaint [Doc. No. 13]. On March 27, 2009, this case was transferred from the District of Maryland to the District of Connecticut [Doc. No. 22]. Defendant Landmark Partners, Inc. moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint [Doc. No. 38]. For the reasons stated herein, this motion is **denied.**

**I.   BACKGROUND**

The following facts are recited according to the complaint. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009). Plaintiff is a citizen of the State of Maryland. Defendant is a private equity and real estate investment company (Compl. ¶ 2) incorporated in Delaware with a principal place of business in Simsbury, Connecticut. (Id.) Plaintiff is former Landmark partner (Id. ¶ 1.)

In 2004, Defendant planned an expansion of its real estate division. The division formed, invested, and managed funds which in turn invested in secondary market private real estate interests. (Id. ¶ 5.) Defendant hired Plaintiff, a nationally recognized expert in the creation,

investment, and management of private equity real estate funds, to head this expansion. (Id. ¶¶ 5-6.) Plaintiff was offered employment as a partner in Landmark. (Letter Agreement, Sealed Doc. No. 41 at 3.) On May 20, 2004, Plaintiff and Defendant executed an employment agreement outlining Plaintiff's compensation and employment conditions. (Id.) The employment agreement detailed Plaintiff's salary, incentive compensation, additional incentive compensation, interest in real estate funds, participation in private equity funds, participation in the economics of Landmark Partners, monthly housing allowance, life insurance, group life and health insurance, and 401(k) plan. (Id.)

The parties dispute the meaning of the section titled "Participation in the Economics of Landmark Partners Inc." The provision states:

> "we are in the process of examining various options for key principals to benefit from their contributions to the growth of the firm. At this time, we have not determined what form that will take, i.e. ownership in the management company, options, profit sharing, or some combination thereof. You will have a meaningful participation (initially, 10%) in the program, once it is finalized." (Id. at 2.)

Plaintiff claims that Defendant further promised that this economic participation would "relate back" to May 2004, the month Plaintiff joined the Defendant firm. (Compl. ¶ 9.)

In September 2008, Defendant proposed an economic participation plan, the Landmark Partners Equity Share Program ("proposal"). Plaintiff argues that the proposal breaches the terms of the letter agreement ("contract") by 1) not providing Plaintiff an interest in the growth in the equity of the firm; 2) not providing Plaintiff with initial participation of 10%; and 3) not providing equity participation or other compensation for the increase in value of the firm's equity from May 2004 to September 2008.

On October 29, 2008, Defendant proposed an agreement intended to govern the future terms of Plaintiff's employment. The agreement did not relate to economic participation, but

Plaintiff objected to its terms and refused to sign. (Compl. ¶¶ 15-16.) On November 6, 2008, Defendant therefore terminated Plaintiff's employment. (Id.) Plaintiff was never provided the equity interest he claims to be owed.

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under Fed. R. Civ. P. 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 191 (2d Cir. 2007).

The district court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009).

For the purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Although detailed factual allegations are not required, a plaintiff must provide the

grounds of its entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

## III. DISCUSSION

### A. Breach of Contract

Plaintiff argues that Defendant breached the following provision of his employment contract:

> "we are in the process of examining various options for key principals to benefit from their contributions to the growth of the firm. At this time, we have not determined what form that will take, i.e. ownership in the management company, options, profit sharing, or some combination thereof. You will have a meaningful participation (initially, 10%) in the program, once it is finalized." (Letter Agreement, Sealed Doc. No. 4 at 2.)

Plaintiff argues that the proposal Defendant offered in order to satisfy its obligations under this provision breached the terms of the contract by 1) not providing Plaintiff any interest in the growth in the equity of the firm; 2) not providing Plaintiff with initial participation of 10%; and 3) not providing equity compensation for the increase in the value of the firm's equity from May 2004 to September 2008.

"It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties." Robert A. Levine et al. v. James v. Massey III et al, 232 Conn. 272, 278 (Conn. 1995). "When the intention conveyed by the terms of an agreement is "clear and unambiguous, there is no room for construction." Id.

Plaintiff argues that the economic participation provision of the contract is ambiguous and he should therefore be able to present evidence of a collateral oral agreement. The Court disagrees. The contract clearly states that at the time it was signed, the form of economic participation had yet to be determined: "at this time, we have not determined what form that will

take." (Letter Agreement, Sealed Doc. No. 41 at 2.)  This language is clear and its meaning is not ambiguous.  Therefore, Plaintiff cannot enter parol evidence of a collateral oral agreement which contradicts the terms of this contract.  Ziotas v. Reardon Law Firm, P.C., 959 A.2d 1013, 1019 (Conn. App. Ct. 2008).  Plaintiff claims that at the time the contract was signed, he had reached an oral agreement with Defendant promising him an equity stake - as opposed to any other form of economic participation - in the company.  However, this claim is in direct opposition to the language of the contract, which affirmatively states that such a decision had not been reached.  Furthermore, a contract between two sophisticated parties carries a presumption of definiteness which has not been overcome in this case.  See Tallmadge Bros. v. Iroquois Gas Transmission Sys., L.P., 252 Conn. 479 (Conn 2000).  The language of the agreement therefore controls.

However, Defendant's assertion that the contract is an unenforceable agreement to agree is equally unconvincing.  "Under the modern law of contract, if the parties so intend, they may reach a binding agreement even if some of the terms of that agreement are still indefinite." Willow Funding Co., L.P. v. Grencom Associates, 63 Conn. App. 832, 844 (Conn. App. Ct. 2001); see also Small Business Transportation, Inc. v. ABC Stores, LLC, 96 Conn. App. 14, 19 (Conn. App. Ct. 2006).  Most of the provisions of the employment agreement are definitive.  Leaving the type of economic participation for later determination does not invalidate the agreement or specific provision.

Although Defendant is correct that the contract is unambiguous, the motion to dismiss still fails.  Plaintiff's allegations, based on the language of the contract alone, are sufficient to state a plausible claim for which relief can be granted.  For the purposes of a motion to dismiss, the Court takes Plaintiff's factual allegations as true.  Plaintiff first alleges that Defendant's

proposal did not satisfy its obligations under the agreement, as it did not offer him 10% participation in the growth of the firm. This allegation clearly states a legal claim for relief. The parties do not dispute that the contract specifically promises that "you will have a meaningful participation (initially, 10%) in the program, once it is finalized." (Letter Agreement, Sealed Doc. No. 41 at 2.) Therefore, if Defendant did in fact offer less than 10% participation, it would be in breach of the contract.

Plaintiff also alleges that Defendant breached the contract by not providing him with equity in the growth of the firm. Defendant argues that it was not obligated to provide "equity" or "ownership in the management company" but could alternatively provide "options, profit sharing, or some combination thereof." However, at this stage, it is not clear that Defendant offered any of these named benefits to Plaintiff. Plaintiff cites to Merriam-Webster's Dictionary, arguing that "equity" encompasses "ownership, options, and profit sharing." Plaintiff's claim that he was not offered "equity" therefore seems to allege that the proposal did not contain *any* of the forms of economic participation mentioned in the contract. (Pl.'s Mem. in Opp. to Summ. J. at 12). If proven, a claim that Defendant did not offer a proposal fitting with Plaintiff's broad definition of equity would violate the agreement. Factual arguments concerning what the proposal contained cannot be resolved at this stage.

Finally, although the contract does not mandate that economic participation be retroactive to May 2004, or state a time for performance, Connecticut courts have held that a contract must be performed in a "reasonable time" if the time for performance is not specified. Schlicher v. Schwartz 58 Conn. App. 80, 86 (Conn. App. Ct. 2000) ("Where no time for the performance of a contract is contained within its terms, the law presumes that it is to be performed within a

reasonable time." quoting Texas Co. v. Crown Petroleum Corporation, 137 Conn. 217, 227, (Conn. 1959); Santoro v. Mack, 108 Conn. 683, 689 (Conn. 1929); Benassi v. Harris, 147 Conn. 451, 458 (Conn. 1960)).  Whether the proposal was offered within a "reasonable time" to afford Plaintiff adequate compensation for his contribution to four years' worth of equity growth is a question of fact.  LaVelle v. Ecoair Corp., 74 Conn. App. 710, 726 (Conn. App. Ct. 2003). Therefore, Plaintiff's complaint cannot be dismissed on this ground.

    **B. Unjust Enrichment**

Count II of the complaint alleges that Defendant was unjustly enriched by its breach of a promise to provide Plaintiff with economic participation in the Firm. (Compl. ¶¶ 28-30.) Defendant argues that Plaintiff cannot bring this claim for unjust enrichment as it is premised on a contract and *quantum merit* is only available when there is no remedy by action on the contract. See Gage v. Vaccaro, 255 Conn. 390 (Conn. 2001).  However, while Plaintiff cannot recover under both breach of contract and unjust enrichment, plaintiffs may plead these theories in the alternative.  "Parties routinely plead alternative counts alleging breach of contract and unjust enrichment, although in doing so, they are entitled only to a single measure of damages arising out of these alternative claims." Suresky v. Sweedler, 2007 WL 2834909 *6 (Conn. Super. Ct. Sept. 20, 2007); Stein v. Horton, 99 Conn. App. 477, 485 (Conn. App. Ct. 2007)

    **C. Negligent Misrepresentation**

Defendant also argues that Plaintiff has not adequately plead a claim for relief under negligent misrepresentation.  Under Connecticut law, "an action for negligent misrepresentation requires the plaintiff to establish 1) that the defendant made a misrepresentation of fact; 2) that the defendant knew or should have known was false; and 3) that the plaintiff reasonably relied on the misrepresentation, and 4) suffered pecuniary harm as a result." Nazami v. Patrons Mut. Ins.

Co., 280 Conn. 619, 262 (Conn. 2006) citing Glazer v. Dress Barn, Inc., 274 Conn. 33, 73 (Conn. 2005).

However, the complaint addresses each of these elements. The complaint alleges 1) that Defendant made false statements to Plaintiff regarding his equity participation in the firm and its date of effectiveness (Compl. ¶ 38); 2) that Defendant should have known the statements were false (Id. ¶ 39); 3) that Plaintiff relied on the misrepresentation in making employment decisions (Id. ¶ 29); and 4) that Plaintiff suffered a resulting loss of $20 million. (Id. ¶ 30.) Whether Plaintiff can support these allegations is not to be addressed at this stage.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 38] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this   24th   day of September, 2009.

/s/

Peter C. Dorsey

U.S. District Judge