## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY P. STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:09-cv-00498 (MPS) |
| | ) |
| LANDMARK PARTNERS, INC. | ) |
| | ) MARCH 7, 2013 |
| Defendant. | ) |
| | ) |

## JOINT TRIAL MEMORANDUM

1.  **TRIAL COUNSEL**

    a.  **Plaintiff**

Plaintiff expects that the following attorneys will participate in the trial of this matter on

his behalf:

> Graeme W. Bush (*admitted pro hac vice*)
> gbush@zuckerman.com
> Jason M. Knott (Fed. Bar No. phv03741)
> jknott@zuckerman.com
> ZUCKERMAN SPAEDER LLP
> 1800 M Street, N.W.
> Suite 1000
> Washington, D.C.  20036
> Telephone: (202) 778-1800
> Fax: (202) 822-8106
>
> Kathryn Emmett (Ct Bar No. 05605)
> EMMETT AND GLANDER
> 45 Franklin Street
> Stamford, CT  06901
> Telephone: (203) 324-7744
> Fax: (203) 969-1319

**b.**     **Defendant**

H. Robert Fiebach (admitted pro hac vice)
Robert V. Dell'Osa (admitted pro hac vice)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
(215) 665-2013 (fax)
rfiebach@cozen.com
rdellosa@cozen.com

John F. Droney (ct10906)
Jeffrey J. Mirman (ct05433)
HINCKLEY ALLEN & SNYDER, LLP
20 Church Street
Hartford, CT 06103-1221
(860) 331-2752
(860) 331-2753 (fax)
jdroney@haslaw.com
jmirman@haslaw.com

## 2.     **JURISDICTION**

This action was commenced in the U.S. District Court for the District of Maryland as a

diversity action in accordance with 28 U.S.C. § 1332.  On March 26, 2009, Judge Deborah

Chasonow ordered the transfer of the case to this District pursuant to 28 U.S.C. § 1404(a).

## 3.     **JURY/NON-JURY**

Plaintiff has demanded a trial by jury on all issues so triable.

## 4.     **LENGTH OF TRIAL**

The parties have estimated that the approximate length of the trial will be seven days.

## 5.     **FURTHER PROCEEDINGS**

The Court has scheduled oral argument on all pending motions in limine for March 12,

2013.

Jury selection is set for April 10, 2013.

### a.    **Plaintiff's Position**

Plaintiff believes that it may assist the Court and the parties if the major evidentiary issues presented by the parties' recently-exchanged objections to witnesses and exhibits are resolved prior to trial. Plaintiff's objections are outlined below.

### 6.    **NATURE OF THE CASE**

### a.    **Plaintiff's Statement**

Count I of Plaintiff's Second Amended Complaint ("SAC") is a claim for breach of contract. In that count, Stevens alleges that at the time he joined Defendant Landmark Partners, Inc. in 2004, the parties reached an agreement that Stevens would receive a 10% interest in the firm-wide economics of Landmark, which would begin to build value as of the date he joined the firm. The parties' agreement was summarized in an Offer Letter dated May 20, 2004, which described the agreement on economic participation as follows:

> Participation in the Economics of Landmark Partners, Inc.
>
> We are in the process of examining various options for key principals to benefit from their contributions to the growth of the firm. At this time, we have not determined what form that will take, i.e., ownership in the management company, options, profit sharing, or some combination thereof. You will have a meaningful participation (initially, 10%) in the program, once it is finalized.

Plaintiff alleges that Defendant then failed and refused to perform its promises, materially breaching its agreement with him. As damages for this breach, Plaintiff is seeking an amount equal to 10% of the promised participation from May 20, 2004 to date, and such other damages as may be determined at trial.

Count II of the SAC is a claim for negligent misrepresentation. In that count, Plaintiff alleges that Defendant owed him a duty of reasonable care when making representations to him

during pre-employment negotiations.  He alleges that Defendant knew that participation in the economics of the entire Firm was critically important to Stevens, and that he would not have accepted a position with Landmark without it.  Landmark made materially false and misleading statements that led Stevens to believe that it would provide him with a 10% participation in all of the economics of the entire Firm, which would begin to build value as of May 2004.  Defendant was negligent in making the false and misleading statements and in failing accurately to convey critical information regarding the terms of his employment with, and economic participation in, the Firm.  Defendant knew and intended that he would rely on its representations, and he did in fact accept its offer of employment in justifiable and reasonable reliance upon its negligent assertions regarding his economic participation in the Firm.  As damages for the misrepresentations, Plaintiff is seeking an amount equal to the value of a 10% participation in the economics of Landmark from May 20, 2004 to date; and such other damages as may be determined at trial.

### b.    Defendant's Statement

Plaintiff asserts causes of action for breach of contract and negligent misrepresentation.  Both causes of action are based on the allegation that Landmark failed to comply with the economic participation paragraph of the parties' letter agreement (quoted in Plaintiff's Statement).

The economic participation paragraph required Landmark to do three things -- (i) "examine various options," (ii) implement a "program," and (iii) give Mr. Stevens a 10% participation in the "program."  Landmark complied with each of these requirements.

The "program" referenced in the economic participation paragraph was not a program just for Mr. Stevens but was for all of Landmark's "key principals."  Between 2004 and 2008,

4

Landmark "examined various options" and formulated the program. While Landmark was doing that, it had in place an interim program called a "profit participation bonus" program that paid Mr. Stevens $150,000 per year for 2004, 2005, 2006, and 2007.

The economic participation program formulated by Landmark was a profit sharing program. The Court has already ruled that a profit sharing program is a form of program that complied with the economic participation provision. Landmark presented an outline of the profit sharing program to Mr. Stevens in September 2008. Mr. Stevens complained that the program did not comply with the economic participation paragraph of his employment agreement, so Landmark proposed additional terms just for him. Those additional terms included, among other things, "special compensation" of $2,000,001 (payable in three annual installments) and either (i) 15% of management fee revenue from new real estate funds or (ii) 10% of management fee revenue from new real estate funds and a 3% participation in new private equity funds. The $2 million in "special compensation" was intended to address Mr. Stevens's argument that Landmark took "too long" to formulate the program. The proposal for Mr. Stevens offered him at least a 10% participation in the "program" and therefore satisfied Landmark's contractual obligation.

Mr. Stevens also contends that the contract required that the "program" take effect for him on the date of the letter agreement (May 20, 2004). However, the economic participation provision said nothing about retroactivity to May 2004. On the contrary, it expressly used future-looking terms such as "<u>will</u> have . . . participation . . . in the program, <u>once it is finalized.</u>" These terms establish that the program would <u>not</u> be retroactive to May 2004, since it would commence only at a time (in the future) when the program was "finalized." In any event, the Court has ruled that Landmark had a "reasonable time" to implement the program. While the

fact-finder will have to determine what constitutes a "reasonable time," Landmark necessarily had to have <u>some</u> period of time to formulate and implement the program. Thus, Mr. Stevens's position on retroactivity to May 2004 is inconsistent not only with the express contract language but also with the Court's ruling. Additionally, for four years Mr. Stevens did not complain, or even inquire, about Landmark's progress in formulating the program. He therefore accepted, and waived any complaint about, Landmark's progress.

Regarding damages on his breach of contract claim, Mr. Stevens is requesting 10% of the alleged increase in value of Landmark from 2004 to 2008 plus 10% of the distributions made to Landmark shareholders from 2004 to 2008. In other words, Mr. Stevens measures his alleged damages as if he should have been given a 10% <u>equity interest</u> in Landmark, even though (i) the Court has ruled that he was not entitled to equity and (ii) the program implemented by Landmark was a profit sharing program, <u>not</u> an equity ownership program.

Mr. Stevens's negligent misrepresentation claim is based on purported representations made by Landmark "during pre-employment negotiations." Although the "pre-employment negotiations" resulted in a written agreement that Mr. Stevens reviewed and then voluntarily signed because he "thought it was completely consistent with the offer they extended," he now claims that he was misled by Landmark. Landmark denies making any misrepresentation to Mr. Stevens.

In terms of damages for Landmark's alleged negligent misrepresentation, Mr. Stevens seeks the very same award as on his count for breach of contract. However, a plaintiff may not recover benefit-of-the-bargain damages for negligent misrepresentation. Thus, Mr. Stevens should not be permitted to recover any damages on his negligent misrepresentation claim even if he were able to prove liability.

7. **TRIAL BY A MAGISTRATE JUDGE**

The parties have not agreed to trial by a Magistrate Judge.

8. **EVIDENCE**

    a. **Witnesses**

        1. Plaintiff's Witness List

Plaintiff hereby designates the persons named below as the witnesses that he expects to or may call at trial, either live or by deposition, as per the parties' agreement to exchange lists on February 22, 2013 of witnesses they may call in their cases in chief. This witness list is submitted without prejudice to amendment, modification, and/or supplementation. Each of the witnesses below may testify as to all subject matters touched on in any deposition given by that witness, any affidavit given or report submitted by that witness, any matters attributed to that witness in responses to interrogatories, and/or other matters as described. Plaintiff reserves the right to object to the testimony of any witness he has listed. In addition to the witnesses listed below, Plaintiff reserves his right to call as witnesses at trial, to the extent their testimony is relevant and admissible, the following:

    a. Any representative of Landmark whose testimony Plaintiff does not object to;

    b. Any witness listed by Landmark whose testimony Plaintiff does not object to;

    c. Any witness deposed by the parties prior to trial whose testimony Plaintiff does not object to; and

    d. Any witness for purposes of impeachment or rebuttal.

Plaintiff is hopeful that it will not be necessary to call witnesses for purposes of authenticating documents or testifying concerning foundation matters, but reserves the right to call such witnesses to the extent it becomes necessary to do so.

1.   **Gary P. Stevens**
     c/o Zuckerman Spaeder LLP
     1800 M Street, N.W.
     Washington, DC 20036

Plaintiff Stevens is likely to testify regarding his communications with Landmark Partners, Inc. ("Landmark" or the "Firm"), his entry into an agreement with Landmark that provided him with a right to economic participation in the Firm, the dispute over his economic participation rights, and his damages. Stevens may testify in rebuttal to certain contentions Landmark is making, if it is permitted to put on evidence to support those contentions.

Expected duration of direct examination by Plaintiff: 6 hours

2.   **Anthony LoPinto**
     Korn/Ferry International
     200 Park Avenue
     33rd Floor
     New York, NY 10166

Mr. LoPinto, formerly of Equinox Partners, the search firm that Landmark hired to fill the position of head of its real estate group, is likely to testify regarding his communications with Landmark and Plaintiff.

Expected duration of direct examination by Plaintiff: 1 ½ hours

3.   **Dr. G. William Kennedy**
     c/o Zuckerman Spaeder LLP
     1800 M Street, N.W.
     Washington, DC 20036

Dr. Kennedy has been disclosed as an expert in the area of business valuation and economic damages. He will testify as to Plaintiff's damages based on his valuations of a 10% participation in Landmark. Dr. Kennedy relies upon Plaintiff's Second Amended Complaint (which includes the economic participation provision of Plaintiff's offer letter), Landmark's financial statements, and other financial information regarding Landmark's performance.

Dr. Kennedy's expert report and curriculum vitae, which further describe the areas of his expertise, the opinions he will express and the bases for them, and the materials on which he will rely, are attached as Exhibit 1 to this memorandum.

Expected duration of direct examination by Plaintiff: 2 ½ hours

**4.**     **Timothy Haviland**
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Plaintiff is likely to call Mr. Haviland as an adverse witness to testify regarding the agreement, representations, and other communications related to Plaintiff's claims, and regarding economic participation at Landmark.

Expected duration of direct examination by Plaintiff: 2 hours

**5.**     **Francisco Borges**
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Plaintiff is likely to call Mr. Borges as an adverse witness to testify regarding the agreement, representations, and other communications related to Plaintiff's claims, and regarding economic participation at Landmark.

Expected duration of direct examination by Plaintiff: 2 hours

**6.**     **Robert Shanfield**
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

If the need arises, Plaintiff may call Mr. Shanfield to testify regarding his communications with Messrs. Borges and Haviland related to Plaintiff's claims, and regarding economic participation at Landmark.

Expected duration of direct examination by Plaintiff: 30 minutes

**7.**     **James McConnell**
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

If the need arises, Plaintiff may call Mr. McConnell regarding economic participation at Landmark.

Expected duration of direct examination by Plaintiff: 30 minutes

8. **Barbara Beck**
Equinox Search LLC
420 Lexington Ave., Suite 300
New York, NY 10170

If the need arises, Plaintiff may call Ms. Beck, who worked with Mr. LoPinto on the Landmark search, to testify regarding her communications with Landmark and Plaintiff.

Expected duration of direct examination by Plaintiff: 1 hour

2. Defendant's Objections to Plaintiff's Witness List

General Objections

1. Landmark objects to all testimony that is barred for any of the reasons set forth in Landmark's motions in limine.

2. Landmark objects to all testimony that attempts to vary or contradict any subject matter that is mentioned, covered or dealt with in the parties' letter agreement.

3. Landmark objects to all testimony that relates to any subject matter previously found to be irrelevant by the Court in its February 11, 2010 or April 27, 2011 Discovery Rulings (Doc. Nos. 80 and 142, respectively).

Specific Objections to Plaintiff's Witnesses

| | |
|---|---|
| Gary Stevens | See general objections. |
| Anthony LoPinto | See general objections. |
| Dr. G. William Kennedy | See Landmark's Motions in Limine directed to Dr. Kennedy and Landmark's general objections. |
| Timothy Haviland | In addition to its general objections, Landmark objects to testimony concerning the amorphous subject of "economic participation at Landmark" on grounds of relevance (Fed.R.Evid.401) and unfair prejudice or confusion of issues (Fed.R.Evid. 403) since, inter alia, the particular form of "economic participation" actually implemented by Landmark was profit sharing and the Court has already ruled that profit |

10

|  | sharing was a permissible form of "economic participation" under the parties' letter agreement. |
|---|---|
| Francisco Borges | In addition to its general objections, Landmark objects to testimony concerning the amorphous subject of "economic participation at Landmark" on grounds of relevance (Fed.R.Evid.401) and unfair prejudice or confusion of issues (Fed.R.Evid. 403) since, inter alia, the particular form of "economic participation" actually implemented by Landmark was profit sharing and the Court has already ruled that profit sharing was a permissible form of "economic participation" under the parties' letter agreement. |
| Robert Shanfield | In addition to its general objections, Landmark objects to testimony concerning the amorphous subject of "economic participation at Landmark" on grounds of relevance (Fed.R.Evid.401) and unfair prejudice or confusion of issues (Fed.R.Evid. 403) since, inter alia, the particular form of "economic participation" actually implemented by Landmark was profit sharing and the Court has already ruled that profit sharing was a permissible form of "economic participation" under the parties' letter agreement. |
| James McConnell | In addition to its general objections, Landmark objects to testimony concerning the amorphous subject of "economic participation at Landmark" on grounds of relevance (Fed.R.Evid.401) and unfair prejudice or confusion of issues (Fed.R.Evid. 403) since, inter alia, the particular form of "economic participation" actually implemented by Landmark was profit sharing and the Court has already ruled that profit sharing was a permissible form of "economic participation" under the parties' letter agreement. |
| Barbara Beck | See general objections. |

### 3.   Defendant's Witness List

Landmark designates the persons listed below as persons who are likely to testify,

or who will testify if the need arises, in Landmark's case-in-chief. This list does not include

witnesses who may be called for purposes of impeachment or rebuttal, and the summaries of

anticipated testimony below do not include topics for impeachment or rebuttal. By including

topics in the summaries below, Landmark is not admitting that evidence concerning the topics is

admissible, and Landmark reserves the right to object to the topics it has listed. Finally,

Landmark reserves the right to call any witness included on Plaintiff's witness list, but by doing

so it is not conceding the admissibility of their testimony.


Francisco H. Borges
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include background information about Landmark (e.g., its organization, structure, industry, and place in the industry), communications  between Landmark and Plaintiff concerning job requirements and Plaintiff's skills, knowledge, and experience, Landmark's reasons for hiring Plaintiff, the terms of the parties' May 2004 written agreement, the compensation paid to Plaintiff, Landmark's efforts to formulate an economic participation program for all of its "key principals," the profit participation bonus program implemented by Landmark while it was attempting to formulate an economic participation program for its key principals, the economic participation program disclosed to Plaintiff in September 2008, Plaintiff's objections to the economic participation program as proposed for him and the communications between Plaintiff and Landmark about same, the economic participation program adopted by Landmark for its "key principals," the terms and value of the economic participation program offered to and accepted by Plaintiff, Landmark's reasons for terminating Plaintiff's employment, whether and to what extent Plaintiff made "contributions to the growth of the firm," Landmark's Amended and Restated Stock Purchase Agreement, the Comstock report referenced in that Agreement, and any other matter addressed in the witness's deposition testimony.

Mr. Borges is likely to testify, and the expected duration of his direct testimony is four to six hours.


Timothy Haviland
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Mr. Haviland may be called to testify about the same topics as Mr. Borges.  In addition, Mr. Haviland may testify about Landmark's finances and the Landmark documents referenced in David Glusman's expert reports.

Mr. Haviland is likely to testify, and the expected duration of his direct testimony is four to six hours.

Chad Alfeld
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include communications between Landmark and Plaintiff concerning job requirements and Plaintiff's skills, knowledge, and experience, Landmark's efforts to formulate an economic participation program for its "key principals," whether and to what extent plaintiff made "contributions to the growth of the firm," and any other matter addressed in the witness's deposition testimony.

Mr. Alfeld will testify if the need arises, and the expected duration of his direct testimony is one to two hours.

John Cook
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include whether and to what extent Plaintiff made "contributions to the growth of the firm." and any other matter addressed in the witness's deposition testimony.

Mr. Cook will testify if the need arises, and the expected duration of his direct testimony is one to two hours.

Michelle L. Creed
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include whether and to what extent Plaintiff made "contributions to the growth of the firm."

Ms. Creed will testify if the need arises, and the expected duration of her direct testimony is less than one hour.

Robert J. Dombi
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include communications between Landmark and Plaintiff concerning job requirements and Plaintiff's skills, knowledge, and experience, and whether and to what extent Plaintiff made "contributions to the growth of the firm."

Mr. Dombi will testify if the need arises, and the expected duration of his direct testimony is two to three hours.

Paul Giovacchini
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include whether and to what extent Plaintiff made "contributions to the growth of the firm" and any other matter addressed in the witness's deposition testimony.

Mr. Giovacchini will testify if the need arises, and the expected duration of his direct testimony is one to two hours.

Gregory F. Lombardi
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include whether and to what extent Plaintiff made "contributions to the growth of the firm."

Mr. Lombardi will testify if the need arises, and the expected duration of his direct testimony is less than one hour.

R. Paul Mehlman
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include communications between Landmark and Plaintiff concerning job requirements and Plaintiff's skills, knowledge, and experience, whether and to what extent Plaintiff made "contributions to the growth of the firm," and any other matter addressed in the witness's deposition testimony.

Mr. Mehlman will testify if the need arises, and the expected duration of his direct testimony is two to three hours.

14

James P. McConnell
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include communications between Landmark and Plaintiff concerning job requirements and Plaintiff's skills, knowledge, and experience, whether and to what extent Plaintiff made "contributions to the growth of the firm," and any other matter addressed in the witness's deposition testimony.

Mr. McConnell will testify if the need arises, and the expected duration of his direct testimony is one hour.

Tarra Mitchell
1621 Montmorency Drive
Vienna, VA 22182

Topics of testimony may include whether and to what extent Plaintiff made "contributions to the growth of the firm."

Ms. Mitchell will testify if the need arises, and the expected duration of her direct testimony is less than one hour.

Paul E. Parker
Landmark Partners, Inc.
29-30 St. James's Street
London, SW 1A 1HB United Kingdom

Topics of testimony may include whether and to what extent Plaintiff made "contributions to the growth of the firm."

Mr. Parker will testify if the need arises, and the expected duration of his direct testimony is one hour.

Robert Shanfield
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include communications between Landmark and Plaintiff concerning job requirements and Plaintiff's skills, knowledge, and experience, whether and to what extent Plaintiff made "contributions to the growth of the firm," and any other matter addressed in the witness's deposition testimony.

Mr. Shanfield will testify if the need arises, and the expected duration of his direct testimony is one hour.

Tina St. Pierre
Landmark Partners, Inc.
10 Mill Pond Lane
Simsbury, CT 06070

Topics of testimony may include whether and to what extent Plaintiff made "contributions to the growth of the firm."

Ms. St. Pierre will testify if the need arises, and the expected duration of her direct testimony is one hour.


Jamie Sunday, III
Landmark Partners, Inc.
One Federal Street, 21st Floor
Boston, MA 02110-2003

Topics of testimony may include whether and to what extent Plaintiff made "contributions to the growth of the firm," and any other matter addressed in the witness's deposition testimony.

Mr. Sunday will testify if the need arises, and the expected duration of his direct testimony is two to three hours.


Jane Lyons
Rhodes Associates
555 Fifth Avenue
6th Floor
New York, NY 10017

Topics of testimony may include Plaintiff's engagement of Ms. Lyons to conduct an executive search for Landmark and the relationship and communications between Plaintiff and Ms. Lyons during the course of Plaintiff's employment with Landmark.

Ms. Lyons will testify if the need arises, and the expected duration of her direct testimony is one hour.


David H. Glusman, CPA, DABFA, CFS, Cr.FA, CFF
Marcum LLP
3 Bala Plaza East Suite 700
Bala Cynwyd, PA 19004

Mr. Glusman is an expert in the areas of financial analysis, calculation of damages, and valuation of companies.

Depending on how the Court rules on Landmark's motions in limine concerning Plaintiff's damages expert, Mr. Glusman may (i) testify that from an economic standpoint, the program offered to Plaintiff in October 2008 satisfied the economic participation provision of the parties' letter agreement, (ii) offer criticisms of the valuation opinion offered by Plaintiff's expert, and/or (iii) testify about his own valuation of Landmark.. The bases for this testimony are set forth in Mr. Glusman's reports, copies of which are attached as Exhibits 2 and 3. Mr. Glusman's curriculum vitae is included as part of his reports. Mr. Glusman is expected to rely on the documents identified in his reports.

Mr. Glusman is likely to testify if Plaintiff's expert is not precluded, and the expected duration of his direct testimony is three to four hours.

4.  Plaintiff's Objections to Defendant's Witness List

*General Objections*

1.  Plaintiff objects to the testimony of any witness to the extent that it would be barred by the grounds asserted in Plaintiff's motions in limine.

2.  Plaintiff objects to the testimony of any witness as to whether Plaintiff "made contributions to the growth of the firm." Landmark seeks to use that testimony to evade its obligations under the 2004 Offer Letter. The 2004 Offer Letter, however, stated that Landmark was "examining various options for key principals to benefit from their contributions to the growth of the firm," not that Landmark had the discretion to adjust Plaintiff's 10% participation based on its evaluation of Plaintiff's specific "contributions to the growth of the Firm." The plan that was in place in 2004 for firmwide economic participation was not based on the specific contributions of the participant to the growth of the Firm, and Landmark never said to Stevens in 2008 that his percentage interest in the plan it had outlined to him was based on dissatisfaction with his contributions to the growth of the Firm. Therefore, testimony and argument that Plaintiff did not make "contributions to the growth of the Firm" are irrelevant under Fed. R. Evid. 401, and would also be unfairly prejudicial and confusing for the jury under Fed. R. Evid.

17

403. Rule 403 would also bar Landmark from calling a parade of its employees to testify about this issue because that testimony would be needlessly cumulative and a waste of time. (Landmark has designated 14 employees as potential witnesses on this topic.)

3.      Plaintiff objects to Landmark's attempt to put on testimony that it had a "profit participation bonus program" during 2004-08 and that such a "program" satisfied its obligations under the 2004 Offer Letter. Landmark has already stated, in response to requests for admission, that the "profit participation bonuses" it paid during that period were discretionary, and were not paid pursuant to any plan or program. *See* Dkt. 149-21 (Ex. 20 to Pl.'s Opp'n to Landmark's Mot. for Summ. J.). Therefore, under Fed. R. Evid. 403, testimony about a "profit participation bonus program" would confuse the issues.

4.      Plaintiff objects to Landmark's attempt to call witnesses to testify about Landmark's loans to UniDev. The Court granted summary judgment on Landmark's counterclaim that Plaintiff breached his fiduciary duty in connection with the UniDev loans. Evidence about the UniDev transaction is irrelevant under Fed. R. Evid. 401, and is properly excluded under Fed. R. Evid. 403 as unfairly prejudicial and leading to juror confusion.

5.      Plaintiff objects to Landmark's attempt to elicit any testimony or introduce any evidence with regard to Stevens' investments in Q.Know and Identity Holdings. Landmark apparently intends to introduce such testimony to argue that Stevens was not devoting sufficient time to Landmark. Landmark has not offered as an affirmative defense that Stevens breached his agreement with Landmark and that its non-performance is justified by Stevens's breach. This testimony is, therefore, irrelevant and collateral, and should be excluded under Rules 401 and 403.

18

*Specific Objections*

| Witness | Objection |
|---------|-----------|
| Francisco Borges | See general objections. |
| Timothy Haviland | See general objections. |
| Chad Alfeld | See general objections. Mr. Alfeld may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| John Cook | See general objections. Mr. Cook may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Michelle Creed | See general objections. Ms. Creed may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Robert Dombi | See general objections. Mr. Dombi may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Paul Giovacchini | See general objections. Mr. Giovacchini may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Gregory Lombardi | See general objections. Mr. Lombardi may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Paul Mehlman | See general objections. Mr. Mehlman may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| James McConnell | See general objections. Mr. McConnell may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Tarra Mitchell | See general objections. Ms. Mitchell may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the |

| | growth of the firm." |
|---|---|
| Paul Parker | See general objections. Mr. Parker may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Robert Shanfield | See general objections. Mr. Shanfield may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Tina St. Pierre | See general objections. Ms. St. Pierre may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| James J. Sunday III | See general objections. Mr. Sunday may also lack the necessary foundation to testify as to whether Plaintiff "made contributions to the growth of the firm." |
| Jane Lyons | The proposed testimony of Ms. Lyons is irrelevant to any claims asserted, and Landmark has never offered an explanation for why it would be relevant. The executive recruitment for which Ms. Lyons was engaged resulted in the successful hire of Paul Parker, who remains an employee at Landmark. The real reason that Landmark appears to be seeking to call Ms. Lyons is to create the impression that there was something inappropriate or untoward about "the relationship and communications between Plaintiff and Ms. Lyons during the course of Plaintiff's employment with Landmark." This testimony and evidence is inadmissible under Fed. R. Evid. 403 even if Ms. Lyons's testimony was otherwise relevant (which it is not). |
| David H. Glusman | See general objections. |

### b.    **Exhibits**

#### 1.    Plaintiff's Exhibit List

Plaintiff hereby designates Exhibit 4 as his list of all exhibits that he may seek to introduce in his case in chief, as per the parties' agreement to exchange lists of their exhibits on February 22, 2013.  By listing these exhibits, Plaintiff does not concede that the exhibits are admissible when offered by any other party or that they are admissible for all purposes, and he reserves the right to object to their admission or use at trial.  Plaintiff also reserves the right to: (1) amend or supplement this exhibit list as may be appropriate; (2) introduce any document, pleading, or discovery response in rebuttal or for impeachment or as otherwise permitted by the Federal Rules of Civil Procedure; (3) seek to introduce any exhibit designated by Defendant on its exhibit list; (4) introduce only a portion of any.document on the exhibit lists in lieu or in addition to the entire document; (5) seek to introduce summaries of records produced in this case; and (6) seek to use and/or introduce demonstratives and/or charts.

#### 2.    Defendant's Objections to Plaintiff's Exhibit List

Landmark's objections to the admission of Plaintiff's exhibits are attached as Exhibit 5.

#### 3.    Defendant's Exhibit List

Landmark may offer the documents listed in Exhibit 6 as exhibits in its case-in-chief. This list does not include exhibits that may be used for purposes of impeachment or rebuttal.  By including exhibits on this list, Landmark is not admitting that the exhibits are admissible when offered by Plaintiff or that they are admissible for all purposes, and Landmark reserves the right to object to their admission at trial. Landmark also reserves the right to introduce any exhibit designated by Plaintiff, but by doing so is not conceding the admissibility of those exhibits.

4.    Plaintiff's Objections to Defendant's Exhibit List

Plaintiff generally objects to the exhibits on Defendant's exhibit list:

(1) to the extent that Defendant seeks to introduce them in order to argue that Plaintiff did not make "contributions to the growth of the firm," for the reasons stated above;

(2) to the extent that they involve Plaintiff's investments with Q.Know and Identity Holdings, for the reasons set forth above. 63 of the documents on Defendant's exhibit list, totaling hundreds of pages, relate to these ventures.

(3) to the extent that they involve Jane Lyons, a partner at Rhodes Associates who Landmark engaged to recruit a new employee for its Europe real estate activities, for the reasons set forth in Plaintiff's specific objections to Ms. Lyons's testimony. 23 of the entries on Defendant's exhibit list involve collected e-mail communications between Ms. Lyons and Plaintiff;

(4) to the extent they involve Landmark's loans to UniDev, for the reasons set forth above. 26 of the documents on Landmark's exhibit list, totaling hundreds of pages, involve that issue;

(5) to the extent that their admission would be barred by the grounds asserted in Plaintiff's motions in limine;

(6) to the extent that Defendant seeks to introduce them for any other purpose that is not relevant to the claims and defenses in this action;

(7) to the extent that the actual copy of the document that Landmark seeks to use at trial is incomplete or incorrect, since the parties have not yet exchanged copies of their trial exhibits; and

(8) to the extent that a proper foundation for the admission of the document is not laid at trial.

In addition to and without waiver of these general objections, a list of the specific objections that Plaintiff may raise to the admission of Defendant's proffered exhibits at trial is attached as Exhibit 7 hereto.

### c.     **Deposition Testimony**

Plaintiff and Defendant have each agreed that the other need not designate deposition testimony for Anthony LoPinto, Barbara Beck, Jane Lyons, and any Landmark employee who works in Simsbury or Boston, because those witnesses are expected to be available to testify at trial.

Plaintiff and Defendant have also agreed that in the event that either party learns that a witness that it would seek to call at trial will not be available to testify live, that party shall promptly designate any deposition testimony of that witness that it seeks to introduce in its case in chief.  Upon receipt of those designations, the opposing party shall promptly make any objections and counter-designations.

## 9.     **STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF FACT AND LAW**

The parties have conferred and have been unable to agree on a written stipulation of uncontroverted facts.

### a.     **Proposed Voir Dire Questions**

Plaintiff's proposed voir dire questions are attached as Exhibit 8 hereto.

Defendant's proposed voir dire questions are attached as Exhibit 9 hereto.

23

Because the parties exchanged their draft voir dire questions on March 5, 2013, they have not yet had time to confer in order to identify disputes about the questions or to prepare objections to the questions submitted by the opposing party.

### b.   Proposed Jury Instructions

Plaintiff's proposed jury instructions are attached as Exhibit 10 hereto.

Defendant's proposed jury instructions are attached as Exhibit 11 hereto.

Because the parties exchanged their draft jury instructions on March 6, 2013, they have not yet had time to confer in order to identify disputes about the instructions or to prepare objections to the instructions submitted by the opposing party.

### c.   Proposed Verdict Form

Plaintiff's proposed verdict form is attached as Exhibit 12 hereto.

Defendant's proposed verdict form is attached as Exhibit 13 hereto.

Because the parties exchanged proposed verdict forms on March 6, 2013, they have not yet had time to confer in order to identify disputes about the forms or to prepare objections to the form submitted by the opposing party.

### d.   Brief Description of the Case and Parties for Jury Selection

This case concerns a dispute between the plaintiff, Gary Stevens, and the defendant, Landmark Partners, Inc. about the agreement that the parties reached when Mr. Stevens joined Landmark in mid-2004. Mr. Stevens claims that Landmark breached its contract with him and negligently made misrepresentations that he relied upon in deciding to join Landmark. Landmark denies that it breached the parties' contract or made any misrepresentations to Mr. Stevens.

24

Landmark is an investment firm located in Simsbury, Connecticut. In 2004, Landmark hired Mr. Stevens to join it as the head of its real estate group. When Landmark decided to hire Mr. Stevens, the two parties discussed the terms on which he would agree to join the firm. The parties each then signed a letter agreement, dated May 20, 2004. This case is a dispute over the meaning of the parties' agreement, and whether Landmark met its obligations under its agreement with Mr. Stevens.

The jury in this case will decide whether Landmark breached its contract with Mr. Stevens and, if so, what his economic damages are as a result of that breach of contract. The jury will also decide whether Landmark negligently made any misrepresentations to Mr. Stevens during the negotiations that led to the contract, whether Mr. Stevens was injured because he reasonably relied on a misrepresentation when deciding to enter the agreement with Landmark and accept employment with Landmark, and if so, what damages Mr. Stevens suffered as a result.

## 10.   **ANTICIPATED EVIDENTIARY PROBLEMS**

The parties have already briefed the following motions in limine, which are scheduled for argument on March 12, 2013:

*Plaintiff's Motions in Limine*

1.     Plaintiff's Motion in Limine to Preclude 2009 Equity Share Plan (filed Feb. 8, 2013) (Dkt. 213);

2.     Plaintiff's Motion in Limine to Exclude Opinions of David H. Glusman (filed Feb. 8, 2013) (Dkt. 214); and

3.     Plaintiff's Motion in Limine to Exclude Evidence of Settlement Offer and Compromise Negotiations (filed Feb. 8, 2013) (Dkt. 215).

*Defendant's Motions in Limine*

1.      Defendant's Motion in Limine to Preclude Proffered Testimony of Dr. G. William Kennedy (filed Dec. 27, 2012) (Dkt. 189);

2.      Defendant's Motion in Limine to Preclude Evidence of Negligent Misrepresentation Damages (filed Feb. 8, 2013) (Dkt. 206);

3.      Defendant's Motion In Limine To Preclude Plaintiff Gary Stevens From Testifying About The Amount Of His Alleged Damages (filed Feb. 8, 2013) (Dkt. 207);

4.      Defendant's Motion in Limine to Preclude Plaintiff From Presenting Evidence Barred by the Court's Summary Judgment Ruling (filed Feb. 8, 2013) (Dkt. 208);

5.      Defendant's Motion in Limine to Preclude Evidence of SEC and Grand Jury Proceedings (filed Feb. 8, 2013) (Dkt. 216); and

6.      Defendant's Motion in Limine, Pursuant to Fed. R. Evid. 702, to Preclude Proffered Testimony of Dr. G. William Kennedy (filed Feb. 8, 2013) (Dkt. 217).

In this submission, each party has also outlined a number of additional evidentiary issues presented by the other party's witness list and exhibit list, as set forth in the respective sections above in which they describe their objections to those lists.

Respectfully submitted,

Graeme W. Bush
Jason M. Knott
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
(P) 202-778-1800

H. Robert Fiebach
Robert V. Dell'Osa
COZEN O'CONNOR, P.C.
1900 Market Street
Philadelphia, PA 19103
(P) 215-665-2000

Kathryn Emmett
EMMETT AND GLANDER
45 Franklin Street
Stamford, CT 06901
(P) 203-324-7744

John F. Droney
Jeffrey J. Mirman
HINCKLEY ALLEN & SNYDER LLP
20 Church Street
Hartford, CT 06103
(P) 860-725-6200

*Attorneys for Plaintiff*

*Attorneys for Defendant*

Dated: 3\7\13

Dated: 3\7\13

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Joint Trial Memorandum was sent via U.S.

Mail, postage prepaid on this 7th day of March, 2013 to the following:

Graeme W. Bush
Jason M. Knott
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036

H. Robert Fiebach
Robert V. Dell'Osa
COZEN O'CONNOR, P.C.
1900 Market Street
Philadelphia, PA 19103

Kathryn Emmett
EMMETT AND GLANDER
45 Franklin Street
Stamford, CT 06901

_____
Jeffrey J. Mirman